J-S35036-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WAYNE DERSHEM, JR., | : | |
| | : | |
| Appellant | : | No.(s) 2291- 2294 MDA 2013 |

Appeal from the Judgment of Sentence October 10, 2013,
in the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000010-2013,
CP-60-CR-0000070-2011, CP-60-CR-0000071-2011,
CP-60-CR-0000074-2011

BEFORE:  DONOHUE, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 17, 2014**

Michael Wayne Dershem, Jr. (Appellant), appeals from the judgments of sentence which the trial court imposed after it revoked Appellant's intermediate punishment sentence.  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant counsel's petition to withdraw and affirm the judgments of sentence.

As a result of several convictions, Appellant was participating in an intermediate punishment program.  On June 25, 2013, the Commonwealth filed a motion to revoke Appellant's intermediate punishment.  The trial court held a hearing on October 10, 2013.  At that hearing, Appellant

* Retired Senior Judge assigned to the Superior Court.

admitted to violating conditions of his intermediate punishment program. The court revoked Appellant's intermediate punishment and sentenced him to an aggregate term of incarceration of 5 to 12 years.

Appellant timely filed a post-sentence motion to modify his sentence. After holding a hearing on that motion, the trial court denied it. Appellant timely filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant timely filed a Pa.R.A.P. 1925(b) statement.[1] Appellant's counsel subsequently filed in this Court a petition to withdraw as counsel pursuant to **Anders** and **Santiago**, **supra**.

On June 18, 2014, upon a finding that Appellant's counsel had failed to comply with the requirements of **Santiago**, we denied counsel's request to withdraw and remanded this case with instructions for counsel to file either an advocate's brief or a proper **Anders** petition and brief. On July 17, 2014, counsel timely filed a second **Anders** brief and petition to withdraw as counsel. Attached to this petition was a certificate of service indicating that counsel had served Appellant with a copy of his new petition to withdraw on July 17, 2014.

---

[1] On December 13, 2013, the trial court entered a scheduling order wherein it directed Appellant to comply with Pa.R.A.P. 1925(b). The court's order did not comply with Pa.R.A.P. 1925(b)(2) because it allowed Appellant only 10 days to file a statement of errors complained of on appeal, instead of a minimum of 21 days to file such a statement.

Appellant filed his Pa.R.A.P. 1925(b) statement on January 7, 2014, which is outside the time period allowed by the court's order but within the time period allowed by Pa.R.A.P. 1925(b)(2). We, therefore, conclude that Appellant timely filed his Pa.R.A.P. 1925(b) statement.

As we previously stated,

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

> Our Supreme Court has clarified portions of the **Anders** procedure:
>
> Accordingly, we hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

When faced with a purported **Anders** brief, we may not review the merits of the underlying issues without first deciding whether counsel has requested properly permission to withdraw. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the responsibility of the reviewing court

- 3 -

to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 354 n.5.

We conclude that counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Second Petition to Withdraw as Counsel, 7/17/2014, at 1. Counsel has filed a brief which includes summaries of the facts and procedural history of the case and sets forth one issue that he believes might arguably support an appeal. Second *Anders* Brief at 15-19. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *Id.* at 16. Finally, counsel has attached to his petition the letter that he sent to Appellant, which enclosed counsel's second petition and *Anders* brief and advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.

We therefore proceed to an independent review of the record and the issue that counsel stated arguably supports an appeal. The sole issue presented by counsel in the second *Anders* brief is a challenge to the discretionary aspects of Appellant's sentence. Second *Anders* Brief at 16-19.

Preliminarily, we note that the rules for resentencing a defendant following the revocation of an intermediate punishment sentence are analogous to that applicable to re-sentencing following probation revocation in that "[u]pon revocation … the sentencing alternatives available to the court [are] the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S. § 9773(b). Thus, in evaluating revocation of an intermediate punishment sentence, this Court applies the same standard it applies when reviewing a sentence imposed after probation revocation. *See Commonwealth v. Edwards*, 71 A.3d 323, 327 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013).

It is well-established that

[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999)). A criminal defendant does not have an absolute right to challenge the discretionary aspects of his sentence on appeal. *See Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa. Super. 2003). Before this Court will consider such a claim, two preliminary requirements must be met:

> First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. [Pa.R.A.P. 2119(f)]. Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. [42 Pa.C.S. § 9781(b)].

*Id.* (citations omitted).

"The determination of whether a substantial question exists must be determined on a case-by-case basis." ***Commonwealth v. Hartman***, 908 A.2d 316, 320 (Pa. Super. 2006) (citation omitted). This Court has explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (quoting ***Commonwealth v. Koren***, 646 A.2d 1205, 1208-1209 (Pa. Super. 1994)). Finally, we note that issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003). Absent such efforts, an objection to a discretionary aspect of a sentence is waived. ***Id.***

Instantly, Appellant filed a post-sentence motion challenging the discretionary aspects of his sentence, and counsel has included in his ***Anders*** brief a Rule 2119(f) statement. The remaining question, therefore, is whether Appellant has raised a substantial question for our review.

In his **Anders** brief, counsel argues that, in imposing the five-to-twelve-year term of incarceration, the sentencing court failed to consider the "history and characteristics" of Appellant and the nature of his charges as required by 42 Pa.C.S. § 9725. Second **Anders** Brief at 15, 16-17. Additionally, Appellant contends that the trial court failed to consider the sentencing guidelines and the Commonwealth's recommended guideline sentence. **Id.** at 16-17.

We begin by noting that "[t]he sentencing guidelines do not apply to sentences imposed as a result of probation revocations…." **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa. Super. 2001). "[U]pon sentencing following a revocation of [intermediate punishment], the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the [intermediate punishment] sentence." **Commonwealth v. MacGregor**, 912 A.2d 315, 317 (Pa. Super. 2006) (citation omitted). Accordingly, we find that this issue does not raise a substantial question for our review.

However, this Court has recently reiterated that arguments that the sentencing court altogether failed to consider relevant sentencing factors does present a substantial question. **Commonwealth v. Dodge**, 77 A.3d 1263, 1272 n. 8 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Although Appellant presents a substantial question, no relief is due as the record belies his claim. Prior to sentencing, the trial court heard evidence

of Appellant's age, his drug and alcohol issues, his remorsefulness about the underlying violations that resulted in his removal from the drug court program, and his desire to return to the treatment program for a "second chance". N.T., 10/10/2013, at 7-11.

The trial court noted that it had the opportunity to review the pre-sentence investigation report prior to sentencing. *Id.* at 6. "Where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004). Nonetheless, after hearing from the district attorney, defense counsel, and Appellant, the court rejected Appellant's statements of remorse and set forth the following explanation of Appellant's sentence.

> The derogatory comments about a judge [which, along with his repeated violation of the GPS monitoring conditions, destruction of the GPS monitoring device, failure to appear for scheduled counsel sessions, use of synthetic marijuana, and use of alcohol, formed the basis for Appellant's removal from the drug court program and revocation of his intermediate punishment sentence,] will not factor into my sentence at all. If that became a factor for a judge to consider in imposing sentence, there would be a lot of attorneys that would have to squirm. I understand from the treatment court perspective it is a different situation because of the approach. In criminal court and the sentencing, it's not a factor. There are a lot of people that don't like judges who put them in jail, so that's not a factor.
>
> As far as revising the treatment court program, that is not for me to decide. The decision has been made by the treatment court team. It is not my place to second guess their decision. If

they would have wanted to reconsider it, they would have done that in their proceedings. So that is not for me to decide.

\* \* \*

The first issue to address is [Appellant's] age as a mitigating issue. While I would acknowledge that he is a young man of 20, the criminal record he has managed to compile in his short history is -- impressive isn't the right word because that implies positive things but is horrendous starting in '05 with a retail theft, in '03 and '06 with the use of tobacco and truancy. It shows an inability of [Appellant] to follow rules. He then has -- was placed on a consent decree in 2006 for a variety of crimes but the fines weren't paid. In '06, receiving stolen property; again, in '06, theft; '07, receiving stolen property; again, later in the year 2007, theft; in 2008 felony criminal trespass, placed in a variety of treatment facilities, Susquehanna House, I saw something else in here, Bethesda, the Be Challenged Program, the Clancy Alternative education and Day Treatment Program. And then in 2010, possession of marijuana and then he just continued with his behaviors in 2011.

He's obviously not benefited from any programs at the county level that can be provided to address his deviant behavior.

The [c]ourt would then note that he was given the opportunity on February 27th of 2013 to participate in one of the best programs that the [c]ourt is -- this [c]ourt's familiar with to address addiction issues.

You can't treat someone for an addiction if they don't want to cooperate and be treated. He was placed in the [drug court] program in February 27th. And I don't recall if this was a leap year or not, but within five, at most six days, was his first violation. He couldn't even hold it together for a week after that and then it was just constant. I think he holds the record for the most violations in the shortest period of time in treatment court.

There is nothing that the county has to offer [Appellant]. this [c]ourt cannot ignore his substantial criminal history; and my understanding, based on [defense counsel's] comment -- I don't have a guideline form for the CR 10 of 2013 firearm

- 9 -

offense. My understanding is that that would be an offense gravity score of 10.

I do now.

Yes, an offense gravity score of 10, the prior record score of 5, the standard range is 5 years.

You have accumulated a prior record score of 5 before you even hit 21 years old, and you have shown absolutely no redeeming behaviors or qualities which would earn you any leniency from this [c]ourt.

*Id.* at 14-16.[2]

---

[2] The court reiterated the reasoning behind its sentence at the November 4, 2013 hearing on Appellant's motion to modify his sentence stating,

The [c]ourt took into consideration [Appellant's] age in fashioning the sentence. The [c]ourt would note that it could have imposed an eight-and-a-half to, I think, close to thirty year sentence.

The -- and I think I went over these on the initial sentence. In his short 21 years, he's accumulated a prior record score of 5. He's managed to disqualify himself from RRRI eligibility because of his behavior dating back a decade.

* * *

I don't accept the representations that the age warrants a lesser sentence. He has a history of noncompliance. He was given the opportunity of the 17th Judicial District's Treatment Court which bends over backwards to help people, takes into consideration their relapse and other issues. He just didn't stop.

The sentence imposed by the [c]ourt, while the [c]ourt is not bound by the guideline range in a revocation, was directly in the standard range [of the suggested sentencing guidelines for the underlying offenses]. It was not excessive, it was not harsh. Other than his age, there was not one mitigating factor that would warrant going out of the standard range in this case. If anything, it could be argued that the [c]ourt could have gone

Our review of the record demonstrates that the trial court considered the limited mitigating evidence presented by Appellant in fashioning his sentence. Additionally, the court considered the history, character, and condition of Appellant and the gravity of the underlying offenses. Finally, in deciding to sentence Appellant to a term of total confinement, it is clear the trial court determined that, because Appellant has proven his inability to meet the requirements of county-based treatment and services, correctional treatment is warranted. *Id.* Accordingly, we find no abuse of discretion.

Judgments of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2014

---

into the aggravated range because of his pitiful performance in treatment court.

There's nothing the county has to offer him; and apparently, he just doesn't learn from the programs that he's been placed in.

N.T., 11/4/2013, at 6-7.